MARILYN J. MADDEN, by Her Guardian ad Litem, WILBUR G. VOGT, Plaintiff, *v.* THOMAS J. MADDEN, Defendant.

Supreme Court, Special Term, Nassau County, April 8, 1953.

*Sidney Paymer* for plaintiff.

*Paul Kelly* for defendant.

CHRIST, J. This is an action to annul the marriage of plaintiff and defendant. It is brought by the wife through her father as guardian ad litem. The claim is that the defendant prior to the marriage with intent to defraud the plaintiff and induce the marriage, falsely represented himself to be a person of good moral character; that plaintiff relied on this and married defendant. The courtship began in a tavern and from the record it appears to have been nurtured and developed in the same atmosphere. The plaintiff presents two bases for the action.

The first is that defendant promised the plaintiff that he would, after the marriage, stay home at night, would not leave her alone, that he would not lie to her or keep any secrets from her. These representations were persuasions about the future and they do not form the basis of an action for annulment unless at the time they were made there was an existing intention not to adhere to and respect them. The conduct of the husband at the time these promises were made showed a lack of constancy and devotion to the decent principles upon which a lasting marriage must be predicated. There is a further point, however, which is of much more seriousness than the first. It is the fact that the defendant, several days before the wedding, put a chattel mortgage upon all of the furniture which was given to the couple by the parents of the bride as a wedding present. This was the furniture that formed the basis of the household goods. Nothing was said to the bride or to anyone else about this and the money was used to pay some of the defendant's debts and in part was used to pay for the honeymoon trip. Here was an important breach of confidence and failure to make a disclosure since it went to the very heart of the home possessions. The mortgage loan was for $263. The plaintiff first learned of it some time after the marriage when by chance she discovered a due notice sent by the lender to the defendant. Plaintiff spoke to the defendant about the loan. He admitted that he had a loan but at that point said nothing at all about the fact that the household furniture was mortgaged as security for it. It was not until the plaintiff wife went to the lender that she discovered the true facts in the situation. This was such a serious deception that it gave the wife a feeling of insecurity about the marriage and about her husband. The husband is twenty-four, the wife is twenty. He has been a man of unsteady employment, she has a constant employment with the New York Telephone Company. They lived together for less than two months but the wife left upon discovery of the deception and although the husband is desirous of continuing the marital status, the wife is sickened of it and wants the marriage dissolved. The deception in this case is admitted by the husband and it is akin to larceny of the whole family property prior to the wedding. This marriage founded in fraud and concealment cannot be of any happiness to the parties or of any service to the State. Upon all of the facts in the case, the court finds for the plaintiff. The marriage will be annulled. Let this opinion constitute the findings in this case.

Judgment for the plaintiff.